IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT JAMES BACK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0131 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner ROBERT JAMES BACK has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 320th District Court of Potter County, Texas, for the offense of robbery and the resultant twenty-year sentence. For the reasons set forth, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

This case involves a dispute between petitioner Back and an acquaintance, Terry Hearn, over Hearn's pick-up truck. At petitioner's trial, Hearn testified that on November 6, 2006, petitioner stole the truck. (Reporter's Record [hereinafter RR] vol. 3, pg. 19). Over two weeks later, on November 23, 2006, Hearn saw Back sitting in the truck outside of a

store. (*Id.*, pg. 21). According to Hearn's trial testimony, he confronted Back (although he did not possess any kind of weapon), telling him to get out of the truck. (*Id.*). Back put the truck into reverse. (*Id.*, pg. 22). Hearn grabbed onto the steering wheel as Back was driving in reverse. (*Id.*, pg. 23). As a result, Back dragged Hearn with the truck, causing injury to Hearn's legs. (*Id.*). Eventually, Hearn let go of the steering wheel, and Back left. (*Id.*, pgs. 24-25).

Back also testified at his trial. According to Back, Hearn rented him the truck for one week beginning November 6, 2006. (*Id.*, pg. 86). For unexplained reasons, Back failed to return the truck to Hearn after the end of the week-long rental. (*Id.*). Back testified that on November 23, 2006 Hearn approached him with a gun. (*Id.*, pg. 80). Back believed Hearn was going to shoot him and was simply trying to get away from what he believed was a life-threatening situation. (*Id.*).

On October 2, 2007, the jury found Back guilty of robbery and sentenced him to twenty years' confinement. (*Id.*, pg. 132). The judgment was affirmed on direct appeal. *Back v. State*, No. 07-07-00436-CR, 2008 WL 2415119 (Tex. App.—Amarillo June 16, 2008, no pet.). Petitioner did not file a petition for discretionary review. His March 2009 state application for habeas corpus relief was denied without written order in May 2009. *In re Back*, WR-72,002-01. This federal habeas corpus petition followed.

II.
PETITIONER'S ALLEGATIONS

By his petition and his amended petition (documents 1 and 9), Back contends he is

being held in violation of the Constitution and laws of the United States for the following reasons:

1. The prosecutor improperly handled the grand jury proceedings.

2. The indictment was fundamentally defective because "there are allegations in the indictment that cannot be supported by testimony, investigation reports, or evidence presented to the Grand Jury." (Original Petition for Writ of Habeas Corpus , filed June 15, 2009, doc. #1 [hereinafter "Original Petition"], pg. 7).

3. During closing statements, the prosecutor misled the jury by implying petitioner's testimony was false.

4. During closing statements, the prosecutor improperly influenced the jury by stating petitioner was guilty.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means a petitioner must present the substance of his federal constitutional claims to the highest state court before the federal court can review the merits of those claims. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Furthermore, a prisoner who has already filed one state habeas corpus application is procedurally barred under the abuse of writ doctrine from returning to the Texas Court of Criminal Appeals to present additional claims of error. *See* Tex. Code Crim. Proc. Ann art. 11.07, § 4 (Vernon 2005). For federal habeas corpus purposes, if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to

present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted in federal court.[1] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles*, 127 F.3d at 420).

Petitioner failed to present the third and fourth federal grounds of error to any state court. His federal petition is the first time he has ever complained of the prosecutor's closing arguments at trial. Because he has already filed a state habeas corpus application challenging his conviction, petitioner would now be prohibited under the abuse of writ doctrine from returning to the Court of Criminal Appeals to raise these issues. *See* Tex. Code Crim. Proc. Ann. Art. 11.07, § 4.

Petitioner does not attempt to show cause for and prejudice from his failure to present these claims to the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). In response to respondent's contention the claims are barred from review, petitioner contends because this Court allowed him to amend his petition to raise grounds three and four they are not procedurally barred. Petitioner, however, sought to amend the petition before a responsive answer was filed, and was therefore entitled to amend as a matter of right under Federal Rule of Civil Procedure 15. The Order granting petitioner's motion to amend did not constitute a ruling that any claims asserted would be

---

[1] The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

reviewable, but merely ruled petitioner was entitled to amend and raise additional claims. After evaluation of the added claims and review of the state court records, the undersigned finds they were never presented to any state court. Therefore, petitioner's third and fourth claims are procedurally defaulted, and this Court need not address their merits. *See Jones*, 163 F.3d at 296.

## IV.
## THE MERITS OF PETITIONER'S EXHAUSTED CLAIMS

### *A. Standard of Review*

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to clearly established federal constitutional law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Here, the Texas Court of Criminal Appeals heard and adjudicated, on the merits, the first and second claims petitioner presents to this Court when it denied petitioner's application for state habeas relief without a written order. *See Harrington v. Richter*, 131 S.Ct. 770, 784 (2011); *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir. 2000). Petitioner's burden is significantly heightened in that petitioner cannot prevail even if it is shown that the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied Neal v. Epps*, 537 U.S. 1104 (2003).

Petitioner has failed to meet this burden. Rather than explaining why the state court's determination was incorrect, petitioner merely restates the points of error he presented to the state court. Further, as detailed below, even had petitioner correctly claimed unreasonableness or constitutional error by the state court, there is nothing in the record to support such a contention.

### B. *Prosecutorial Misconduct and Grand Jury Proceedings*

Under his first ground of error, petitioner argues two different forms of prosecutorial misconduct occurred in the grand jury proceedings. First, petitioner contends "the grand jury viewed evidence and heard testimony that was false. The prosecutor chose to prosecute and convict on yet other testimony." (Memorandum In Support attached to Original Petition, filed June 15, 2009, doc. #1 [hereinafter "Memorandum"] pg. 2). In his second ground, petitioner contends "[t]he prosecuting attorney's failure to disclose the grand jury testimony denied Applicant Due Process." (*Id.*, pg. 7).

There is no record of the grand jury proceedings before the Court. Petitioner's contentions regarding the prosecutor's actions before the grand jury are based on nothing more than his bare assumptions of what occurred. As respondent correctly points out, petitioner's first point of error could be denied solely because it is conclusory. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (holding "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value . . . Mere conclusory allegations

do not raise a constitutional issue in a habeas proceeding."). The Court will, however, discuss the merits of petitioner's first ground of error only for the sake of thoroughness.

1. Prosecutorial Misconduct During Grand Jury Proceedings

a. Any Error Was Harmless

Petitioner first argues the prosecutor erred by presenting false testimony during the grand jury proceedings. Initially, except in limited circumstances not alleged in this case, a guilty conviction after a jury trial will cure any error occurring at the grand jury level. *See Vasquez v. Hillery*, 474 U.S. 254, 264, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986). A jury's guilty verdict renders harmless any error in the grand jury's charging decision. *United States v. Mechnik*, 475 U.S. 66, 70, 206 S.Ct. 938, 941, 89 L.Ed.2d 50 (1986).

This rule holds true especially in this case, where petitioner admitted committing the elements of his crime at trial. Petitioner was convicted of simply robbery.[2] Under the relevant portion of the Texas Penal Code, robbery consists of two elements:

1. during the course of committing theft and with intent to obtain or maintain control of property, a person

2. intentionally, knowingly, or recklessly causes bodily injury to another.

Tex. Pen. Code Ann. § 29.02 (Vernon 2003).

At trial, petitioner Back testified Hearn rented the truck to him on November 6, 2006 for one week. (RR vol. 3, pg. 86). During cross-examination by the prosecutor, the

---

[2] Petitioner's indictment charged him with robbery with a deadly weapon, i.e. a motor vehicle—"while in the course of committing theft of property and with intent to obtain and maintain control of said property, [Back] intentionally, knowingly, or recklessly cause[d] bodily injury to Terry Hearn by dragging him with a motor vehicle." (Clerk's Record, pg. 6). The jury declined to include in its verdict the deadly weapon enhancement. (*Id.*, pg. 36).

following transpired:

> Q. So that means that even if your story is true, your rental agreement expired on the 13th of November; is that correct?
>
> A. Correct.
>
> Q. You had no authority to have that truck beyond the 13th; is that correct?
>
> A. Correct.
>
> Q. So when you had the truck, you had it without his permission, didn't you?
>
> A. At that point, yes, I guess you could say that.

(*Id.*, pg. 87). Regarding the bodily injury Hearn sustained during the altercation, (*Id.*, pg. 25), petitioner Back stated,

> I'm not denying the fact that the door hit [Hearn], and it did. It knocked him down on the ground, okay? . . . I knocked him down on the ground, he got up and he was hanging, half in and half out of the pickup, like this, on the side of the bed, and the centrifugal force of you going that fast around a corner it -- it slung him off, okay?"

(*Id.*, pgs. 81-82).

Thus, petitioner admitted at trial he committed the elements of robbery because he did not have lawful possession of the truck and caused bodily injury to Hearn when fleeing with the truck. Even if the prosecutor in petitioner's case presented inaccurate evidence to the grand jury, and even if that evidence were related to the charged offense, the ultimate guilty verdict by the petit jury renders any error harmless. *See id*.

### b. Evidence Related to Any Error was not Material

Even if petitioner's own testimony and the other evidence did not support the

conviction, petitioner has still failed to demonstrate prosecutorial misconduct. Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension. If a petitioner alleges prosecutorial misconduct, the federal court is limited in its review of the claim to whether the prosecutor violated the petitioner's due process rights. *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986). The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982). Prosecutorial misbehavior alone does not constitute a wrong of constitutional dimension and does not warrant habeas corpus relief. *Id.* at 220, 102 S.Ct. at 948. To establish a due process violation based on the prosecutor's knowing use of false or misleading evidence, a petitioner must show (i) the evidence was false, (ii) the evidence was material, and (iii) the prosecution knew that the evidence was false. *Nobles*, 127 F.3d at 415.

> Even in cases of egregious prosecutorial misconduct, such as the knowing use of perjured testimony . . . [a new trial] is required only when the tainted evidence was material to the case. This materiality requirement implicitly recognizes that the misconduct's effect on the trial, not the blameworthiness of the prosecutor, is the crucial inquiry for due process purposes.

*Smith*, 455 U.S. at 220 n.10, 102 S.Ct. at 947 n.10.

In his first ground of error, petitioner contends the prosecutor presented false evidence to the grand jury. Petitioner points to various instances of a supposed contradiction between Terry Hearn's and Officer Paul Ware's (unknown) grand jury testimony and their testimony at trial.

First, petitioner takes issue with Hearn's recitation about whether the truck door was already open when Hearn saw and approached Back or whether Hearn opened the door. At trial, Hearn testified the door was already open. (RR vol. 3, pgs. 21-22). Back also testified at trial that the door was already open. (*Id.*, pg. 79). Officer Ware testified he did not recall what Hearn told him, but he put in his police report that Hearn "apparently opened the door because I could not recall if he actually opened the door or if it was already open." (*Id.*, pgs. 68-69). Back argues, "Mr. Hearn did supply to Officer Ware false statements in which [sic] the prosecutor used as testimony before a grandjury [sic] proceeding in order to secure an indictment." (Memorandum, pg. 4).

Second, petitioner takes issue with a contradiction regarding whether he hit Hearn with a tire iron as he was trying to escape. At trial, Officer Ware testified he took Hearn's statement on the same day of the incident, and Hearn never told the officer that petitioner hit him with a tire iron. (RR vol. 3, pg. 69). On December 13, 2006, Hearn signed an affidavit in which he indicated petitioner hit him in the head with a tire tool as petitioner was dragging him with the truck. (Respondent Thaler's Response to Court's Order with Brief in Support, filed Dec. 8, 2009, doc. #23, Exhibit A). At trial, Hearn testified he did *not* remember petitioner using a tire iron during the incident. (RR vol. 3, pg. 25). He explained a friend who witnessed the altercation saw petitioner hit Hearn in the head with a tire tool, but Hearn said he did not independently remember petitioner using a tire tool to hit him. (*Id.*, pg. 47). Petitioner contends "there is a total contradiction of the testimony given in open court than [sic] the testimony presented to the grand jury by way of statements, affidavit, and or [sic]

police report." (Memorandum, pg. 6). Petitioner does not contest the evidence that he was illegally in possession of the truck and that he injured Hearn while escaping with the truck. He only contests the evidence relating to whether the door was open and whether the tire tool was used.

In analyzing this ground, it is first noted that petitioner cannot show evidence presented to the grand jury was false and that the prosecutor knew it was false because petitioner does not know what evidence was presented to the grand jury. *See Ross*, 694 F.2d at 1012. Even if the grand jury evidence was presented as petitioner suspects, petitioner fails to demonstrate the evidence was material. *See id.* This peripheral evidence, i.e., the open door and the tire iron, are ultimately irrelevant to petitioner's conviction. Petitioner has failed to demonstrate all the elements of prosecutorial misconduct, and his claim is without merit.

## 2. *Brady* Prosecutorial Misconduct Claims

In his second ground of error, petitioner contends there was prosecutorial misconduct because the prosecutor failed to disclose grand jury testimony, which "would have proved that Mr. Hearn and Officer Ware gave false testimony to the grand jury." (Memorandum, pg. 7). Again, there are no records of the grand jury proceedings before the Court, and petitioner's allegations appear to be based upon his speculation of what transpired during of the grand jury proceedings.

The Supreme Court has set forth three elements to consider in deciding a *Brady* prosecutorial misconduct claim: (i) "the evidence at issue must be favorable to the accused,

either because it is exculpatory, or because it is impeaching"; (ii) "that evidence must have been suppressed by the State, either willfully or inadvertently"; and (iii) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999). Under the third element, prejudice ensues when the suppressed evidence is material for *Brady* purposes. *Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 1272, 157 L.Ed.2d 1166 (2004). Evidence is material for *Brady* purposes "if there is a *reasonable probability* that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280, 119 S.Ct. at 1948.

In his response to this Court's Order to Show Cause, petitioner contends, "the victim took oath in open court to tell the truth and he chose not to, at that time the prosecutor knew the victim was being dishonest on one or the other account yet he still chose to convict using this false testimony." (Objections, filed July 22, 2009, doc. #6, pg. 3). Regarding the door, petitioner has still failed to explain why whether the door was opened or closed impacts the case. Regarding the tire iron, petitioner fails to appreciate that at trial, Hearn's testimony that he could not remember Back using a tire iron was favorable to Back. Hearn stated he could not remember Back hitting him with a tire iron. (RR vol. 3, pg. 25). In fact, when the prosecutor asked Hearn about the affidavit, Hearn remained steadfast that he did not remember Back using a tire tool against him. (*Id.*, pgs. 31-32). Hearn's testimony is incorrect only if Back did, in fact, use a tire iron to assault Hearn. Hearn's inability to remember was not prejudicial to petitioner and has not been shown to constitute false testimony. Finally,

regardless of whether it was or was not perjured, any conflict in Hearn's statements does not establish perjury. *See Koch v. Puckett*, 907 F.2d 524, 231 (5th Cir. 1990).

Regarding the first *Strickler* element, petitioner does not demonstrate the grand jury testimony was favorable to him. As reviewed above, Hearn's trial testimony about the door matched Back's testimony. (*Id.*, pgs. 21-22, 79). Hearn stated he did not remember Back hitting him with a tire iron. (*Id.*, pg. 25). Officer Ware testified he did not remember what Hearn said about the door. (*Id.*, pg. 69). Furthermore, Officer Ware actually testified he assumed Hearn was the one with the tire iron, not Back. (*Id.*, pg. 61). If this trial testimony was contradicted by the witnesses' grand jury testimony, it is difficult to fathom how Back's defense attorney would have used the contradictory grand jury testimony to advance the defense. Petitioner has failed to demonstrate there was any grand jury testimony favorable to him. *See Strickler*, 527 U.S. at 281, 119 S.Ct. at 1948.

Assuming *arguendo* that petitioner could demonstrate the first and second elements of the test for prosecutorial misconduct in withholding grand jury transcripts, he still cannot demonstrate prejudice because, as reviewed above, those issues are not related to the elements of his conviction. *See id.*, 119 S.Ct. at 1948. He never contests any testimony relating to whether he was in unauthorized possession of the truck and that he injured Hearn during the altercation. In fact, he himself admitted those elements at trial. There is not a reasonable probability that, had Hearn's and Ware's grand jury testimony been disclosed to the defense, the result of the trial would have been different. *See id.* at 280, 119 S.Ct. at 1948. Petitioner's first contention is without merit.

## C. Defective Indictment

In his second point of error, petitioner contends the indictment was defective because it had no evidentiary support. Petitioner alleges "[t]he prosecutor knew Mr. Hearn and Officer Wares [sic] grand jury testimony was false and misleading," and yet chose to rely upon such testimony in securing the indictment. (Original Petition, pg. 18).

As stated above, the federal court does not act in a supervisory fashion over the state courts, and only intervenes if an error of constitutional dimension occurs in the state courts. When reviewing the sufficiency of a state indictment, then, the federal court may only grant habeas corpus relief if the indictment is so defective that the convicting court had no jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985) (quoting *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)). "A claim of insufficiency of a state indictment is valid for federal habeas purposes only when the indictment is so defective that under no circumstances could a valid state conviction result from facts provable thereunder." *Alexander*, 775 F.2d at 598.

Moreover, if a petitioner raises an insufficient indictment claim to the highest state court and that court held the trial court had jurisdiction over the case, then the federal court is prohibited from evaluating the merits of such a claim on a petition for habeas corpus. *Id.* at 599. The Texas Court of Criminal Appeals, the highest state court in Texas, need not rule on such a claim by opinion. If that court simply denies a habeas corpus application without a written opinion, then it has "necessarily, though not expressly, held that the Texas courts

have jurisdiction and that the indictment is sufficient for that purpose." *Id.* In such cases, the federal court must "accord due deference to the state courts' interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Harrington*, 131 S.Ct. at 784; *McKay*, 12 F.3d at 69.

In this case, petitioner presented to the Texas Court of Criminal Appeals an argument identical to the one he presents to this Court. The Texas Court of Criminal Appeals denied the state habeas corpus application. Since the highest state court has held that the Texas courts had jurisdiction and the indictment was sufficient for that purpose, this Court must give due deference to that Court's determination. *See Harrington*, 131 S.Ct. at 784. Petitioner's second claim is without merit.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROBERT JAMES BACK be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of March, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


*** NOTICE OF RIGHT TO OBJECT ***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).