IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT JAMES BACK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-131 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S RULE 60(b) MOTION

Came for consideration the Rule 60(b) motion filed August 22, 2014 by petitioner BACK.  This is the second Rule 60(b) motion petitioner has filed in this case.  His first Rule 60(b) motion was dismissed as being an unauthorized successive habeas application or, alternatively, as an untimely Rule 60(b) motion.  By that *prior* Rule 60(b) motion and by his *current* 60(b) motion, petitioner asserts respondent committed a fraud on the Court by filing a copy of an affidavit from the victim of the robbery of which petitioner was convicted.  Petitioner argues the affidavit is fraudulent because the introductory paragraph erroneously reflects petitioner's name instead of one Terry Hearn, who actually signed the affidavit.  Petitioner contends the Judgment denying petitioner habeas relief is void because of respondent's filing of this affidavit as an exhibit.  Petitioner argues relief from the Judgment in this habeas proceeding is otherwise justified because of the misstatement in the victim's affidavit.

HAB54\R&R\BACK-31-R60:2

No fraud has been committed upon this Court by respondent. In fact, petitioner's motion to the Fifth Circuit to declare the affidavit fraudulent was denied. *See Back v. Thaler*, No. 11-10408. Under the law of the case doctrine, this ruling appears to foreclose petitioner's current argument in this Rule 60(b) motion that the affidavit was fraudulent. In any event, the December 13, 2006 affidavit is simply not fraudulent. It is signed by Terry Hearn, the complainant in petitioner's underlying state criminal prosecution. Although someone, probably the officer obtaining the affidavit, erroneously inserted petitioner's name instead of Mr. Hearn's in the blank space at the beginning of the affidavit, the affidavit is signed by Mr. Hearn acting as himself. A logical reading of the affidavit shows Mr. Hearn did not execute the affidavit representing to be petitioner or anyone other than himself. Further, respondent only produced this document in response to petitioner's motion to compel filed in this federal habeas case. The affidavit was not produced as part of any claim or affirmative defense of respondent. Respondent has not committed a fraud on this Court by filing a copy of the affidavit as an attachment to his response.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge that petitioner's Rule 60(b) motion be DISMISSED for being an unauthorized successive habeas corpus application. The undersigned recommends dismissal rather than transfer to the United States Court of Appeals for the Fifth Circuit because of the frivolous nature of the motion. If petitioner elects to proceed and to seek authorization from the appellate court, he does so at his peril and does so after having been admonished as to the meritless and frivolous nature of the argument he presents.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   7th   day of October 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).